IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN COX, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-424-RWS
HON. FRANK MILLS III, et al., :
    Defendants. :
:
:
:

## **ORDER**

This case comes before the Court on: Defendants the Honorable Frank L. Mills, the Honorable Ellen McElyea, and the Honorable N. Jackson Harris' Motion to Dismiss or Alternatively Motion for More Definite Statement [3]; Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [5]; Defendants South Cherokee Recreation Association, Inc. and Mark Hutcheson's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [7]; Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion for Sanctions [23]; Defendants

South Cherokee Recreation Association, Inc. and Mark Hutcheson's Motion for Sanctions [24]; Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion for Protective Order [31]; and Plaintiff Stephen Cox's Motion for Leave to File Amended Complaint [34]. After a review of the record, the Court enters the following Order.

**I. Factual Background**[1]

This case arises out of an initial state suit by the Plaintiff, Stephen Cox, against the South Cherokee Recreation Association, Inc. ("SCRA") and Mark Hutcheson, the then-President of SCRA, for injuries sustained during a baseball practice and alleged violations of the league's bylaws. Ultimately, that case was dismissed. Plaintiff then filed this claim for various civil rights deprivations against: the three Cherokee County Superior Court Judges who filed Orders in that case–the Honorable Frank Mills III, the Honorable Ellen McElyea, and the Honorable N. Jackson Harris ("Judiciary Defendants"); his opposing party's counsel–Carlton Fields P.A. and four of its then-attorneys (Alison Danaceau, M. Derek Harris, Michael A. Dunn, and Shuman Sohn) ("Carlton Fields Defendants"); the former defendants in the underlying

---

[1]These facts are primarily drawn from Plaintiff's Complaint.

2

suit–SCRA and Hutcheson; a law clerk–Sharri Twyman; a court reporter–Tammy Padgett; and Plaintiff's own counsel–Robert Firester. Plaintiff subsequently dismissed Defendants Padgett and Twyman. Plaintiff now alleges that through the Defendants' conduct in the underlying state suit, Plaintiff's civil rights were violated.

## II. Discussion

Plaintiff has filed two complaints in this action–an initial complaint and an amended complaint attached to his motion to amend. Initially, Defendants argue that the Complaint–as well as the proposed Amended Complaint–constitutes a shotgun pleading and should be dismissed. The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. Strategic v. Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293 (11th Cir. 2002). By definition, a shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Id. at 1295 n.9. As a result, it is oftentimes difficult to discern which allegations of fact correspond to which defendant or claim for

3

relief. Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Both complaints exemplify a classic shotgun complaint. The initial Complaint is 216 pages long, with each count incorporating by reference all preceding paragraphs–as many as 836 paragraphs by the last count. Further, the Amended Complaint does not remedy this defect. In fact, the Amended Complaint contains more paragraphs which are incorporated by reference–865 by Count 11.

In some cases the appropriate response to a plaintiff's shotgun pleading is to allow him to amend the complaint to provide greater specificity. However, the Court will go forward with a consideration of the merits of Plaintiff's allegations, because if Plaintiff were to specify which facts correspond to which cause of action and still could not state a claim as a matter of law, amending the Complaint or allowing the Amended Complaint would be futile. For the purposes of this discussion, the Court has reviewed the allegations and facts found within both complaints to determine if either states a claim for relief.

A. Motion to Dismiss Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129, S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove  no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

5

with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

### B. Judiciary Defendants

Plaintiff first claims three Georgia Superior Court Judges–the Honorable Frank Mills III, the Honorable Ellen McElyea, and the Honorable N. Jackson Harris–violated 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986, as well as other "constitutional" violations of the Georgia Uniform Superior Court Rules, the Georgia Code of Judicial Conduct, and the Georgia Rules of Professional Conduct. Plaintiff specifically points to these jurists' official actions in his prior state court proceeding. Defendants raise absolute immunity.

It is well-established that, in a suit brought for money damages, a judge has absolute immunity. Mireless v. Waco, 502 U.S. 9 (1991); Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not

overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireless, 502 U.S. at 11. In fact, the only time that absolute immunity does not attach is in a judge's performance of non-judicial activities or when his actions are taken without jurisdiction. Id. at 11-12. The Eleventh Circuit has made clear that lack of subject-matter jurisdiction is the only basis for the jurisdictional prong of the absolute-immunity exception. Wilson v. Bush, 196 F. App'x 796, 799 (11th Cir. 2006).

Defendants Mills, McElyea, and Harris are all protected by absolute immunity; thus, Plaintiff's claims must fail. Plaintiff's allegations go to their conduct "on the bench"–hearings, the content and signing of Orders, and dismissals–which occurred in their everyday actions as Superior Court judges. Further, their court was seized of subject matter jurisdiction over the Plaintiff's suit when every at-issue occurrence took place. Therefore, Defendants Mills, McElyea and N. Jackson Harris' Motion to Dismiss [3] is **GRANTED**.

C. Carlton Fields Defendants

Plaintiff next claims that his former opposing counsel–Carlton Fields and its attorneys–also violated 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986.

7

### 1. 42 U.S.C. § 1983

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa Co., 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

Here, Plaintiff cannot prove that the defendants were acting under color of state law. All of the Carlton Fields Defendants were acting as counsel to Plaintiff's opposition in the state suit.   Even taking Plaintiff's factual allegations as true, there is no evidence that there was collusion between the Superior Court judges and opposing counsel such that they became state actors. The Carlton Fields attorneys represented their client–not the state–and are thus not state actors.  See e.g. U.S. ex rel Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976) (holding that even court-appointed attorneys do not satisfy the state-action requirement of § 1983 because the court appoints them to represent the client, not the state).

### 2. 42 U.S.C. §§ 1985(2)-(3); 1986

Plaintiff also claims that the Carlton Fields Defendants were involved in a conspiracy to interfere with his civil rights. "Section 1985 provides a vehicle to redress conspiracies [which] interfere with civil rights." Farase v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003). Section 1985(2) contains two parts. The first part of § 1985(2) creates a private cause of action against any two or more persons who (1) conspire; (2) to deter a witness by force, intimidation, or threat from attending or testifying before a federal court; (3) which results in injury to the plaintiff. Morast v. Lance, 807 F.2d 926, 929-30 (11th Cir. 1987). The second part of § 1985(2) creates a private cause of action for any two or more persons who

> conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2).[2]

---

[2]It is unclear which prong of § 1985(2) Plaintiff is alleging–if not both. The heading of Count III states "Obstructing justice; intimidating party, witness or juror" but the substance of the count alleges the second prong–a violation of equal protection. Compare Pl.'s Compl., Dkt. No. [1-1] at 163 with id. at ¶ 640. As explained later, it does

Additionally, section 1985(3) contains four elements which Plaintiff must prove:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Armstrong v. Friduss, 138 F. App'x 189, 193 (11th Cir. 2005). "The Supreme Court has made it clear that Section 1985 does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating specific federal rights and privileges which have been defined elsewhere." Benton v. Cousins Props., Inc., 230 F. Supp. 2d 1351, 1383 (N.D. Ga. 2002) citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979). To avoid becoming a "general federal tort law," "a claim under §1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment." Trawainski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

---

not matter which course Plaintiff pursues as both fail as a matter of law.

Last, section 1986 also makes actionable any conduct by a person who "has knowledge that any of the wrongs conspired to be done, and mentioned in [§1985] are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." Park v. City of Atlanta, 120 F.3d 1157, 1159 (11th Cir. 1997) quoting 42 U.S.C. §1986.

All of Plaintiff's claims must fail. As the Eleventh Circuit ruled in Farese, "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a §1985 conspiracy." Farese, 342 F.3d at 1232. Defendants actions in seeking a Rule Nisi, drafting an order for the judge, and generally representing their client were fully within the attorney-client representation and were in no way nefarious or conspiratorial as Plaintiff alleges. Moreover, because there is no underlying conspiracy to support a § 1985 claim of any type, the § 1986 claims must also fail. See Park, 120 F.3d at 1159-60 (holding that §1986 claims are derivative of § 1985 claims). Therefore, the Carlton Fields Defendants Motion to Dismiss [5] is **GRANTED**.

### D. SCRA and Mark Hutcheson

In Plaintiff's Amended Complaint, Plaintiff moves to dismiss all causes of action against SCRA and Mark Hutcheson. Because Plaintiff does not intend to pursue these Defendants, their Motion to Dismiss [7] is **GRANTED**.

### E. Supplemental State Law Claims for all Defendants but Robert Firester

Having dismissed all original jurisdiction claims for all Defendants but Firester, the Court declines to exercise its jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . .(3) the district court has dismissed all claims over which it has original jurisdiction").

### F. Robert Firester

Defendant Firester did not file a motion to dismiss in this case. In fact, he has not filed an answer. However, a review of the docket discloses that Defendant Firester has not been properly served. Service is proper on an individual in the Northern District of Georgia if: the party is served pursuant to

12

Georgia law, the party is served personally, a copy of the complaint is left at the "individual's dwelling or usual place of abode," or that person's agent–whether appointed or by operation of law–is served. See FED. R. CIV. PRO. 4(e). None of these options was met.

Here, service was first attempted on February 16, 2010. It appears that when the process server determined that Plaintiff's provided address was a UPS P.O. Box, he decided to serve the Attorney General. Dkt No. [13] at 15. Such service is not proper under Georgia law for an individual and does not meet any of the aforementioned federal options. See O.C.G.A. § 9-11-4(e)(7). Following that episode, Plaintiff attempted service again at the same address on March 26, 2010–this time leaving the summons with a UPS employee. Dkt. No. [20] at 3. There is no evidence Firester appointed this person his agent and there is nothing in Georgia law which creates such a relationship. Therefore, Defendant Firester has not been properly served. As a result, this Court will **DISMISS**, **without prejudice** all claims against Firester pursuant to Federal Rule of Civil Procedure 4(m).

G. Motions for Sanctions

The Carlton Fields Defendants, SCRA, and Hutcheson additionally move this Court to impose Rule 11 sanctions because Plaintiff's claims lack factual and legal basis. Dkt. Nos. [23-24]. These motions are unopposed. Rule 11 sanctions "may be imposed against an attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990). "Although the rule applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." Id. Additionally, "fee-shifting is a sanction which should be employed with particular restraint with respect to civil rights plaintiffs because they frequently are the less fortunate among us, and requiring a full reimbursement of the costs of a [] defendant's counsel may therefore tend to be unduly punitive and may entail massive over-deterrence." Smith v. United Steelworkers of America, Local 2693, 1989 WL 158384, at *3 (W.D.N.Y. 1989) (internal quotations and citations omitted).

This Court declines to order sanctions in this case at this time. This suit clearly lacked merit; however, it is also clear that Plaintiff legitimately thought

14

he had a right to redress. Additionally, the expenses for Defendants have been limited by the Court's staying discovery and ruling on this case at the motion to dismiss stage. Thus, the case has been resolved in an expeditious manner. However, should Plaintiff elect to further protract the litigation in a manner which the Court finds to be abusive, the Court reserves the right to re-visit the issue of all expenses borne by Defendants, including those heretofore incurred.

H. Remaining Motions

Because this Court has dismissed all claims against the Carlton Fields Defendants, their Motion for Protective Order [31] has been rendered **MOOT**. Additionally, as this Court reviewed Plaintiff's allegations under both his initial and amended complaints and found that neither stated a claim for relief, allowing Plaintiff's amendment would be futile. Therefore, Plaintiff's Motion to Amend [34] is **DENIED**.

**III. Conclusion**

In sum, Defendants the Honorable Frank L. Mills, the Honorable Ellen McElyea, and the Honorable N. Jackson Harris' Motion to Dismiss[3-1], Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion to Dismiss Pursuant to Rules 12(b)(1) and

12(b)(6) [5], and  Defendants South Cherokee Recreation Association, Inc. and Mark Hutcheson's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [7] are **GRANTED.**  Additionally, pursuant to Rule 4(m), all of Plaintiff's claims against Defendant Firester are **DISMISSED, without prejudice** due to failure to perfect service of process in a timely fashion.  As well, Plaintiff Stephen Cox's Motion for Leave to File Amended Complaint [34] is **DENIED** because the proposed Amended Complaint is futile.

Additionally,  Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion for Sanctions [23] and Defendants South Cherokee Recreation Association, Inc. and Mark Hutcheson's Motion for Sanctions [24] are **DENIED**.  And, because of the foregoing rulings, Defendants the Honorable Frank L. Mills, the Honorable Ellen McElyea, and the Honorable N. Jackson Harris' Alternative Motion for More Definite Statement [3-2] and Defendants Carlton Fields P.A., Alison Danaceau, Michael A. Dunn, M. Derek Harris, and Shuman Sohm's Motion for Protective Order [31] are **DENIED, as moot**.

16

**SO ORDERED** this   13th   day of October, 2010.

_____
**RICHARD W. STORY**
United States District Judge